

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARA WOODHOUSE,

                              Plaintiff,

        -v-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

07 CV 7193 (GBD)(HBP)

GEORGE B. DANIELS, District Judge:

Pro se Plaintiff Sara Woodhouse brings this action pursuant to § 205(g) of the Social

Security Act, 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's ("the

Commissioner"'s) denial of Plaintiff's application for disability insurance benefits and

supplemental security income benefits.  The Commissioner moves to remand the action in order

to further develop the administrative record.  Plaintiff has not opposed the Commissioner's

motion for remand.  In fact, the plaintiff seeks the same relief in the alternative.

        The Court referred the matter to Magistrate Judge Henry B. Pitman for a Report and

Recommendation.  Magistrate Judge Pitman issued a Report and Recommendation ("Report")

recommending that the Commissioner's motion for remand be granted.

        The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections

to the Report, the Court must make a de novo determination of those portions of the Report to

which objections are made.  Id.; Heckler v. Montgomery, 567 F. Supp. 2d 471, 472 (S.D.N.Y.

2008).  The district judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions.  See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c).  It is not

required, however, that the Court conduct a de novo hearing on the matter.  See United States v.

Raddatz, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own,

independent conclusions" regarding those portions to which objections were made.  Nelson v.

Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d

619, 620 (5ᵗʰ Cir. 1983)).  When no objections to a Report are made, the Court may adopt the

Report if "there is no clear error on the face of the record."  <u>Adee</u> <u>Motor Cars, LLC v. Amato</u>,

388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Plaintiff was born on February 7, 1986 with Sturge-Weber Syndrome, a neurological

disorder, and Klippel-Trenaunay-Weber syndrome, a vessel disorder.  Suffering from these

ailments has caused the plaintiff to endure a number of other health complications.

On April 13, 2004, Plaintiff filed an application with the Social Security Administration

for supplemental security income, alleging a disability at birth.  The Social Secirity administrtion

denied the plaintiff's application on August 3, 2004.  Plaintiff filed a request for a hearing, and

was heard before an Administrative Law Judge ("ALJ").  The plaintiff submitted reports from

treating physicians and underwent consultative examinations.  The ALJ denied the plaintiff's

application.  Plaintiff's appeal of the ALJ's decision was also denied, and the plaintiff

subsequently filed an action for judicial review of the ALJ's decision.  The Commissioner

moved for a remand, on the basis that the ALJ failed to obtain a report from the plaintiff's

psychiatrist.

Magistrate Judge Pitman found that the ALJ's failure to fully develop the record resulted

from insufficient communication between the plaintiff and the ALJ.  The magistrate judge

correctly concluded there was some confusion regarding whether the plaintiff bore responsibility

for obtaining the psychiatrist's records.  Magistrate Judge Pitman concluded that Plaintiff's

complaint should be remanded for reconsideration of the evidence.

In his report, Magistrate Judge Pitman advised the parties that failure to file timely

objections to the Report would constitute a waiver of those objections.  <u>See</u> 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b).  Neither party filed objections to the Report and the time to do

so has expired.  After carefully reviewing the Report, the Court finds that the report is not

facially erroneous. Accordingly, the Court adopts the Report and for the reasons stated therein,

2

the Commissioner's motion is granted.  The matter is remanded to the ALJ for further

proceedings.

Dated: New York, New York
          August 19, 2009

                                    SO ORDERED:

                                    _George B. Daniels_____
                                    GEORGE B. DANIELS
                                    United States District Judge